UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARVIN D. LOVE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:18-cv-01595-SNLJ ) |
| JENNIFER PRICE, *et al.*, | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Tracy Dunn's motion for summary judgment (ECF #27) and defendants Jennifer Price and Will Hunter's motion for summary judgment (ECF #32). Both motions raise the issue of exhaustion of administrative remedies in addition to arguments on the merits about whether defendants were deliberately indifferent in this case. Plaintiff failed to respond to any of the arguments. For the reasons that follow, this case will be **DISMISSED without prejudice** for failure to exhaust administrative remedies—the Court does not reach the merits of this case.

Plaintiff is an inmate at Potosi Correctional Center bringing this suit under 28 U.S.C. § 1983. Against Tracy, a licensed nurse, he brings claims alleging she was deliberately indifference to his medical needs on April 3, 2018, by failing to document injuries to his mouth and shoulder following an alleged beating by the "asstraction team." Against Price (the functional unit manager) and Hunter (a correctional officer), he brings various claims alleging inadequate clothing, bedding, hygiene, and medical care.

1

Plaintiff failed to respond to both motions' statement of facts and so those facts are taken as true. *See* FED. R. CIV. P. 56(e)(3); *see also Sisney v. Kaemingk*, 886 F.3d 692, 697 (8th Cir. 2018) ("Rule 56 remains applicable" to *pro se* prisoner action); Beck v. Skon, 253 F.3d 330, 333 (8th Cir. 2001) (district court is not required to advise *pro se* litigant about how to respond to a summary judgment motion). The facts reveal plaintiff did not file a formal grievance against the defendants for the at-issue conduct. Therefore, he failed to exhaust his administrative remedies as a pre-condition to his Section 1983 suit. *See Porter v. Sturm*, 781 F.3d 448, 450-452 (8th Cir. 2015) (recognizing Missouri Department of Correction's three-step grievance process and finding inmate failed to exhaust, thereby mandating dismissal of the suit). Dismissal without prejudice is the appropriate remedy when exhaustion is lacking. *Id.* at 453.

The motions go on to explain how the undisputed facts reveal no deliberate indifference in this case. That may be so. But, the Eighth Circuit cautions the courts "need not"—in fact, *should not*—"review [the] case on the merits or opine on [] summary judgment" when exhaustion is lacking. *Id.* (vacating district court's granting of summary judgment and affirming dismissal for lack of exhaustion). This is because "unexhausted claims cannot be brought in court." *Id.* (quoting *Jones v. Bock*, 549 U.S. 199, 211 (2007)). Therefore, this case will be dismissed without reaching defendants' merit-based arguments for summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED without prejudice** for plaintiff's failure to exhaust his administrative remedies.

So ordered this 1st day of April 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE